NO. 07-04-0104-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 4, 2005

_____

WILLIAM VERNELL DAVIS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 48,278-E; HONORABLE ABE LOPEZ, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**ON ABATEMENT AND REMAND**

Following his plea of not guilty, appellant William Vernell Davis was convicted by a jury of evading arrest with a vehicle, enhanced, and punishment was assessed at 10 years confinement. Both the clerk's record and reporter's record have been filed. Attorney William Rivers filed appellant's brief on July 29, 2004, and the State filed its brief on

October 13, 2004.  Upon suggestion of death of appellant's attorney, we now abate this appeal and remand the cause to the trial court.

Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1. whether appellant desires to prosecute this appeal; and
2. whether appellant is indigent and entitled to new appointed counsel.

The trial court shall cause a hearing to be transcribed.  Should it be determined that appellant does want to continue the appeal and is indigent, then the trial court shall also take such measures as may be necessary to assure appellant effective assistance of counsel, which measures may include the appointment of new counsel.  If new counsel is appointed, the name, address, telephone number, and state bar number of said counsel shall be included in the order appointing new counsel.  The trial court shall execute findings of fact, conclusions of law, and such orders as the court may enter regarding the aforementioned issues, and cause its findings and conclusions to be included in a supplemental clerk's record.  A supplemental record of the hearing shall also be included in the appellate record.  Finally, the trial court shall file the supplemental clerk's record and supplemental reporter's record with the Clerk of this Court by Friday, February 4, 2005.

Should new counsel be appointed, the Clerk of the Court is instructed to accept and file any brief or supplemental brief newly appointed counsel desires to file.  Absent a motion for extension of time, new counsel's brief(s) shall be due within 30 days after filing of the supplemental clerk's and reporter's records.  The State's brief will be due within 60 days

following filing of the supplemental clerk's and reporter's records or within 30 days following the filing of new counsel's brief(s), whichever is later. Tex. R. App. P. 38.6(a) & (b).

It is so ordered.

Per Curiam

Do not publish.